NOT DESIGNATED FOR PUBLICATION

No. 120,934

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY O. GARDNER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 20, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Larry O. Gardner Jr. appeals the district court's decision revoking his probation and ordering him to serve a modified sentence. We granted Gardner's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and asks that we affirm the court's judgment.

On July 16, 2018, Gardner pled guilty to one count of criminal possession of a firearm by a felon. On October 2, 2018, the district court sentenced Gardner to 15 months' imprisonment but placed him on probation for 18 months.

At a hearing on March 4, 2019, Gardner admitted to violating the conditions of his probation by committing the new crimes of possession of marijuana with intent to

1

distribute, possession of drug paraphernalia, interference with law enforcement, and driving on a suspended license. Gardner asked the district court to reinstate his probation, mainly because he was his mother's primary caregiver. But the district court revoked Gardner's probation and ordered him to serve a modified sentence of 13 months' imprisonment. Gardner timely appealed.

On appeal, Gardner claims "the court's decision to revoke probation was an abuse of discretion. Given the particular circumstances of this case, the court should have reinstated probation." But Gardner concedes that when it is shown that a defendant has violated the conditions of probation, the decision to revoke probation is within the district court's sound discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

As Gardner concedes, the district court did not have to impose an intermediate sanction here because he had committed new crimes while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). In denying Gardner's request to be reinstated to probation, the district court stated:

2

"Mr. Gardner, when you commit a serious felony and you're on probation for a felony, you don't give me many options, particularly when I sent you up for 27 months, I believe, the last time you were in front of me for selling. Look, I'm not—I am sending you the wrong signal if you walk out of here and I put you back on probation. I'm not going to let you do that. I'm not going to let you violate the law like this, commit a new crime. You don't get a pass for that, so I'm going to revoke and impose."

The district court showed leniency to Gardner by reducing his sentence to 13 months' imprisonment. But the district court's decision to revoke Gardner's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Gardner has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Affirmed.